**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

THEODIS WESTBROOK and
KATHERINE WESTBROOK                                                      PLAINTIFFS

vs.                                                              Civil Action No. 3:09-cv-607 HTW-LRA

DREAM MAKERS MORTGAGE, INC.,
AVON CASTON, MAXINE C. BATTLES,
JERRALD L. NATIONS, P.C., JERRALD L.
NATIONS, Individually, MARTHA D.
ARRINGTON, AAMES FUNDING CORPORATION,
and COUNTRYWIDE HOME LOANS, INC.                                         DEFENDANTS

**ORDER DENYING MOTION TO REMAND**

Before this court is plaintiffs' Motion to Remand, submitted pursuant to Title 28 U.S.C. § 1447(c).[1] In their motion, plaintiffs argue that this federal court lacks subject matter jurisdiction because the parties are not diverse in citizenship for subject matter jurisdiction under Title 28 U.S.C. § 1332,[2] and because plaintiffs' complaint does not

---

[1] Title 28 U.S.C. § 1447(c) provides in pertinent part:

(c) A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and nay actual expenses including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

[2] Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States; ...

present a federal question cognizable under Title 28 U.S.C. § 1331.[3]  Defendants disagree, contending that this dispute is properly removed by virtue of federal question jurisdiction.

Plaintiffs are Theodis Westbrook and Katherine Westbrook.  The defendants are Dream Makers Mortgage, Inc.; Avon Caston; Maxine C. Battles; Jerrald L. Nations, P.C.; Jerrald L. Nations, individually; Martha D. Arrington; Aames Funding Corporation; and Countrywide Home Loans, Inc. ("Countrywide").

## I.

The instant case was commenced by the plaintiffs by filing their complaint (the "Complaint") in the Circuit Court for Amite County, Mississippi.  The complaint alleges that the plaintiffs are entitled to damages from the defendants for actions associated with a mortgage loan secured by a lien on certain real property located in Amite County, Mississippi.  *See* Complaint at ¶¶ 8-43.  Pursuant to Title 28 U.S.C. § 1446(b),[4] Countrywide filed its Notice of Removal [docket # 1] (the "Notice of Removal") within thirty (30) days of the first notice of the filing of the complaint and removed this action from state court to this court, stating that this matter involves a federal question.  *See* Title 28 U.S.C. § 1331.

---

[3] Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[4]Title 28 U.S.C. § 1446(b) states:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

## II. ARGUMENT

### A. Federal Question Jurisdiction

A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. *See* Title 28 U.S.C. § 1441(b)[5]; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). Federal question jurisdiction is deemed to exist when federal law creates the cause of action advanced by the plaintiff or where state law claims hinge upon a substantial question of federal law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808-09, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986); *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).

The existence of federal subject matter jurisdiction is determined by the "well pled complaint rule" which provides that a federal question must appear "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). As the master of his or her complaint, a plaintiff may elect to assert only certain claims. *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir. 1995). Stated another way, "It is well-settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law," *Binion v. Franklin Collection Services,*

---

[5]Title 28 U.S.C. § 1441(b) provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right *arising under* the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

(emphasis added).

*Inc.*, 147 F.Supp.2d 519, 521 (S.D. Miss. 2001) (citing *Heimann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999)); however, a plaintiff's designation of a claim as being based solely upon state law is not controlling for purposes of determining the presence of federal question jurisdiction, *Peters v. Union Pacific Railroad Company*, 80 F.3d 257, 260 (8th Cir. 1996).

### B. The Complaint

The complaint *sub judice* alleges specific claims of: (1) fraud; (2) negligence; (3) misrepresentation; (4) malpractice; (5) breach of fiduciary duty; (6) Truth-in-Lending Act ("TILA") violations; (7) Real Estate Settlement Procedures Act ("RESPA") violations; (8) Home Ownership and Equity Protection Act ("HOEPA") violations; (9) vicarious liability; (10) Racketeer Influenced and Corrupt Organizations Act ("RICO") violations; (11) breach of the covenant of good faith and fair dealings; and (12) right of rescission. *See* Complaint at ¶¶ 44-112. The plaintiffs seek statutory damages as provided by the federal statutes under TILA, RESPA and HOEPA. They also seek damages for emotional distress, punitive damages, attorney fees and interest. The plaintiffs further seek treble damages and attorney fees pursuant to RICO. *See* Complaint at ¶¶ 114-130.

### C. Plaintiffs' Motion to Remand

The plaintiffs' Motion to Remand [docket # 8] argues that this court should remand the case to state court because the defendants' Notice of Removal is defective for the following specific reasons:

1. This lawsuit does not involve a federal question because the claims made by the plaintiffs arise out of common law fraud

    and negligence.  The federal statutes recited in the complaint were violated as a result of the alleged fraud and negligence.

  2.  Countrywide did not obtain the consent of the defendant, Avon Caston.

  3.  Defendant Dream Makers Mortgage, Inc., is unrepresented in this matter and the purported consent to removal is therefore invalid.

  4.  Countrywide failed to state in its Notice of Removal that the plaintiffs demanded a jury trial.

Each argument will be addressed below.

In their motion, the plaintiffs first argue that their lawsuit does not involve a federal question so as to warrant the assertion of jurisdiction by the federal court, even though plaintiffs cite four (4) specific federal laws in the complaint. *See* Plaintiffs' Motion at ¶7. The plaintiffs argue:

> The claims made by the plaintiffs arise out of common law fraud and negligence; the federal statutes recited in the complaint were violated as a result of the fraud and negligence committed by some of these defendants.
>
> . . . .
>
> All averments to federal statutes could be removed and the plaintiffs' claims would be unaffected.

*Id.*

This argument ignores the allegations stated in Counts VI,[6] VII,[7] VIII[8] and X[9] of

---

[6]In Count VI, plaintiff alleges, in part, that:

79. All defendants in this action are governed by the provisions of the Truth in Lending Act[, Title 15 U.S.C. § 1601, *et seq.*] and Regulation Z[, 12 C.F.R. § 226.1, *et seq.*, the regulation to implement the TILA],

80. The Truth in Lending Act and Regulation Z were violated by these defendants in that there was no preliminary disclosure of the finance charges being assessed against this plaintiffs (sic),

81. The Truth in Lending Act and Regulation Z were violated by these defendants in that what finance charges were disclosed to the plaintiffs were inaccurate, incomplete and incorrect, resulting on the plaintiffs paying a significantly higher amount of fees in the transaction than was originally consummated. . .

[7] In Count VII, plaintiff alleges:

83. The defendant Nations violated Title 12 U.S.C.S. §2601, *et seq.*, the Real Estate Settlement Procedures Act (RESPA) by collecting fees significantly higher than the actual cost of said fee,

84. The defendant Nations violated RESPA by collecting excessive fees that bear no reasonable relationship to the cost of the services rendered,

85. The defendant Nations violated RESPA by collecting fees significantly higher than the customary fees charged for those services,

86. The defendant Nations violated RESPA by failing to disclose the settlement fees to the plaintiffs prior to the closing date,

[8] In Count VIII, plaintiff alleges:

88. The defendants violated Title 15 U.S.C.S. § 1641, *et seq.*, the Home Ownership and Equity Protection Act, (HOEPA),

89. The defendants failed to provide the disclosure documentation as required by HOEPA that would allow a reasonable person exercising ordinary due diligence to ascertain the itemization of amount financed,

90. HOEPA requirements were further violated as a result of the defendants (sic) failure to include certain of Nations fees in the calculation and itemization of the finance charge,

91. HOEPA limitations on the amount of finance charge permissible was violated

the complaint. The plaintiffs specifically request damages to include:

> D. statutory damages as provided in the Truth in Lending Act,
>
> E. statutory damages as allowed under Regulation Z,
>
> F. statutory damages recoverable under the Real Estate Settlement Procedures Act,
>
> G. statutory damages as provided in the Home Ownership and Equity Protection Act,
>
> H. any and all statutory damages as provided by federal or state statutes not specifically averred herein,
>
> L. statutory treble damages and attorney fees as provided under the RICO act.

*See* Complaint at *ad damnum.*

This court is satisfied that plaintiffs' complaint is pursuing claims against the defendants under TILA, RESPA, HOEPA and RICO and that federal question

---

> in that the amount of finance charges collected by the defendants exceeded the maximum finance charge permitted by the Act,
>
> 92. HOEPA is likewise violated because the plaintiff, Theodis Westbrook's forged initials and signatures constitute apparent irregularities on the face of the forged documents,

[9] In Count X, plaintiff alleges:

> 100. The defendants violated 18 U.S.C.S. § 1961, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act (RICO) by engaging in a pattern of racketeering activity in the conduct of its business activities,
>
> 101. As a result of this pattern of racketeering activity, the plaintiffs paid significantly higher costs that (sic) he would have otherwise incurred in the absence of the defendants common scheme and plan to defraud the plaintiffs and other similarly situated borrowers,
>
> 102. In the defendants pattern of racketeering activities, they violated the Truth in Lending Act, Regulation Z, the Home Ownership and Equity Protection Act, the Real Estate Settlement Procedures Act and other federal and state statutes, all as averred herein,

jurisdiction is present in this matter pursuant to Title 28 U.S.C. § 1331.

The second argument set forth in the plaintiffs' motion to remand challenges the procedural aspects of Countrywide's removal.  First, the plaintiffs argue that Countrywide failed to obtain consent of the defendant, Avon Caston.  *See* Motion at ¶7.

The Consent to Removal of the defendant Avon Caston was not included in the original electronic version of Countrywide's Notice of Removal on file with the court because of a scanning error in the Office of the Clerk of Court.  On November 9, 2009, the Clerk entered a Corrected Docket Annotation as to Docket No. 1 which states "Court Staff has attached the Consent to Removal of Avon Caston that was inadvertently not scanned along with the notice of removal that was filed on 10/9/09." *See* Exhibit "A" to Countrywide's Response to the Motion.  Also, a copy of the Consent to Removal of Avon Caston filed on October 9, 2009, is attached to Countrywide's Response.  The defendant Avon Caston consented to the removal of the case.

Next, the plaintiffs argue that "the defendant Dream Makers Mortgage, Inc., is unrepresented in this matter and the purported Consent to Removal is therefore invalid."  *See* Motion at ¶7.  In making this argument, the plaintiffs have cited no legal authority in support of a requirement that a corporation may only consent to a removal of a case by way of a document executed by legal counsel.  Countrywide contends that the plaintiffs' assertion regarding this alleged "requirement" is incorrect.

The "Rule of Unanimity" has been derived from the statutory language prescribing the procedure for removing a state action to federal court in Title 28 U.S.C. § 1446.  Section 1446 states that "*[a] defendant or defendants* desiring to remove any civil action . . . shall file . . . a notice of removal."  Title 28 U.S.C. § 1446(a) (emphasis

8

added). In *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900), this statute's precursor containing similar language was interpreted to mean that all the defendants must unite in a petition for removal to federal court. This rule is also based on Title 28 U.S.C. § 1441(a) which provides that "the defendant or defendants" may remove the case. "The courts have read these words to mean that, if there is only one defendant then that defendant may remove the case; however, if there is more than one defendant, then the defendants must act collectively to remove the case." *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992). Exceptions to the Rule of Unanimity include fraudulently joined defendants and nominal or formal parties. *See Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation Servs.,* 925 F.2d 866, 871 (5th Cir. 1991).

   The fact that Dream Makers is unrepresented by counsel does not affect the validity of its Consent to Removal. Dream Makers was dissolved by the Mississippi Secretary of State. *See* the Articles of Dissolution attached to the Response as Exhibit "C" and incorporated herein by reference. The Consent to Removal by Dream Makers was executed by the former incorporator and president of Dream Makers, Avon Caston, and attached to Countrywide's Notice of Removal. *See* the copy of the Consent to Removal of Dream Makers attached to the Response as Exhibit "B" and incorporated herein by reference.

   The Fifth Circuit has stated that there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has

9

actually consented to such action." *Gillis v. State of Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (quoting *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)).

Finally, the plaintiffs argue that Countrywide's Notice of Removal is defective because Countrywide failed to state that plaintiffs demanded a jury trial. *See* Motion at ¶7. The recitation that the plaintiffs' complaint demands a jury trial in a notice of removal is not required, nor does it effect the removal of the case to federal court. The plaintiffs' motion cites no basis of authority for this argument.

### III.  CONCLUSION

The instant case was properly removed to this court, and this court has jurisdiction over this matter because it involves federal questions of law. The plaintiffs have alleged in their complaint violations of the Truth-in-Lending Act, the Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, and the Racketeer Influenced and Corrupt Organizations Act, and they have requested statutory damages under each. For the reasons stated herein, the plaintiffs' motion to remand must be denied.

**SO ORDERED, this the 31st day of August, 2011.**

**s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:09-cv-607 HTW-LRA
Order Denying Remand